UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEVON ROBERSON-ANDERSON,<br><br>            Petitioner,<br><br>   v.<br><br>KEN CLARK, WARDEN,<br><br>            Respondent. | No. 2:19-cv-2399 WBS AC P<br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      Respondent has moved to dismiss. ECF No. 11. Petitioner has not filed a response to the motion. For the reasons stated below, the undersigned will recommend that the motion to dismiss be granted, and that this action be dismissed for failure to exhaust state court remedies and for failure to prosecute.

I.     PROCEDURAL HISTORY

      The lodged state court record reflects that petitioner was convicted by a jury on September 24, 2014, of one count of first-degree murder with special circumstances, in violation of California Penal Code §§ 187(a), 190.2(a)(17), 12022.53(b) and two counts of second-degree

robbery in violation of California Penal Code § 211.  See ECF No. 14-1 at 1-2.[1]  Enhancements with respect to Counts One and Three were also found to be true.  As a result, petitioner was sentenced to life in prison without the possibility of parole, plus thirty years.  See generally ECF No. 14-1.  Petitioner was also ordered to pay restitution.  See id. at 2.

On June 10, 2015, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.  See ECF No. 14-5.  The petition contested his restitution obligation.  See id. at 3.  On September 18, 2015, the petition was denied in a reasoned opinion.  See ECF No. 14-6.

Petitioner appealed his conviction and sentence.  See generally ECF No. 14-2.[2]  On August 1, 2018, the California Court of Appeal remanded the case to the trial court solely to determine whether petitioner's firearm enhancements should be stricken.  The reasoned opinion otherwise affirmed the trial court's judgment.  See id. at 23.

Thereafter, in September 2018, petitioner filed and served a petition for review in the California Supreme Court.  See generally ECF No. 14-3 at 66.  The petition for review argued that the trial court committed reversible error when it:  (1) permitted a witness to provide his lay opinion as to whether petitioner and his co-defendant were "both in on [the crime]"; (2) permitted a letter – source of which was unsubstantiated – to be read in court in order to establish petitioner's intent to dissuade a witness from testifying, and (3) refused to instruct the jury on the principles governing accomplice testimony as it related to the prosecution's chief witness.  See id. at 2-3, 9-39.

On July 1, 2019, petitioner filed a petition for resentencing pursuant to California Penal Code § 1170.95.  See ECF No. 14-7.  Respondent represents that at the time the instant motion was filed, the petition for resentencing remained pending.  See ECF No. 11 at 2.

////

---

[1] For purposes of consistency and convenience, the court will refer to the records lodged by the Office of the Attorney General by the numbers assigned to them on the court's docket instead of by their lodged document numbers.

[2] The opinion of California Court of Appeal, ECF No. 14-3, establishes petitioner filed a direct appeal of his conviction and sentence.  See.  The appellate briefs are not included in the lodged state court record.  See generally ECF Nos. 14, 14-1 through 14-7.

On November 14, 2019, the petition for review petitioner had filed in the California Supreme Court was summarily denied. See ECF No. 14-4. Respondent states that petitioner did not file any habeas petitions in the California Supreme Court. See ECF No. 11 at 3.

On November 20, 2019, the instant federal habeas petition was docketed. See ECF No. 1. Respondent filed the motion to dismiss on January 30, 2020. See ECF No. 11. Petitioner has not filed a response to the motion. The matter is deemed submitted and ready for review.

II. THE PETITION

The federal petition presents the following claims: (1) a repeatedly sleeping juror was permitted to remain on the jury panel despite both trial court and parties' awareness of this fact; (2) the prosecution engaged in misconduct when it told the jury that drug evidence found on petitioner came off the victim's person, despite the fact that DNA testing of the drugs came back negative for the victim's DNA; (3) a witness was improperly permitted to speculate as to whether petitioner was in on the robbery; and (4) both petitioner and his co-defendant were convicted as the principal shooter in the robbery. See ECF No. 1 at 4-5.

III. RESPONDENT'S MOTION TO DISMISS

Respondent contends that Claims One, Two and Four in the instant petition are unexhausted because petitioner did not present them in the California Supreme Court. See ECF No. 11 at 3. He asserts that Claim Three, which alleges that the trial court committed reversible error when it refused to instruct the jury on accomplice testimony, is the only claim in the petition that was presented to the California Supreme Court. See id. at 3.

Respondent also points out that petitioner has not attempted to show that a stay of these proceedings in order to exhaust Claims One, Two and Four is appropriate. See generally ECF No. 11 at 3. Consequently, he argues that the entire petition must be dismissed unless petitioner opts to delete these three claims and proceed with the sole exhausted claim, Claim Three. See id.

IV. DISCUSSION

A. Exhaustion

1. Applicable Law

The exhaustion of state court remedies is a prerequisite to the granting of a petition for

3

writ of habeas corpus. 28 U.S.C. § 2254(b)(1); Cullen v. Pinholster, 563 U.S. 170, 182 (2011); Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 275-76 (1971); see generally Poyson v. Ryan, 879 F.3d 875, 894 (9th Cir. 2018) (citing Picard); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

When a petitioner has not exhausted his state court remedies with respect to each of his claims prior to filing a habeas petition in federal court, under certain circumstances, he may be granted the opportunity to stay the federal petition pending state court exhaustion. See Rhines v. Weber, 544 U.S. 269, 276-78 (2005); see generally Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (referencing Rhines). If so, the petitioner must show that: (1) he had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that he intentionally engaged in dilatory litigation tactics. Rhines, 544 U.S. at 278; Mena, 813 F.3d at 910 (citing Rhines).

2. Analysis

Claim Three of the federal petition, which challenges the trial court's failure to instruct the jury on accomplice testimony, was included in the petition for review filed in the California Supreme Court. See ECF No. 14-3 (petition for review) at 3. Respondent correctly acknowledges that this claim is exhausted. None of the other federal claims were included in the petition for review, however, and they are therefore unexhausted. Compare ECF No. ECF No. 14-3 at 2-3, 9-39 (claims presented to California Supreme Court), with ECF No. 1 at 4-5 (claims of federal petition).[3] Accordingly, the petition is a "mixed" petition containing both exhausted and unexhausted claims.

The district court may not entertain a mixed petition. See Rose v. Lundy, 455 U.S. 509,

---

[3] Petitioner's petition for resentencing has no effect on the exhaustion analysis, because it was limited to the matter of sentence and did not include any of the issues presented here. See ECF No. 14-7 (petition for resentencing). Even if petitioner pursued his remedies through the California Supreme Court, he could not have properly presented his federal claims in such a petition. See Cal. Penal Code § 1170.95.

510 (1982) (district court must dismiss mixed petitions); see also Dixon v. Baker, 847 F.3d 714, 718 (2017) (citing Lundy); Olvera v. Giurbino, 371 F.3d 569, 572 (9th Cir. 2004) (district court must not retain jurisdiction over mixed petitions). A prisoner who has filed a mixed petition has two options to avoid dismissal of the case as a whole: he may seek a stay pending further exhaustion, or he may voluntarily dismiss his unexhausted claims and proceed on the exhausted claims only. See Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing Rhines, 544 U.S. at 278).

Petitioner was informed of these options in respondent's motion. ECF No. 11 at 3 ("Unless petitioner establishes that a stay is appropriate. . . [he] must either delete his unexhausted claims and proceed with his exhausted claim or the entire petition must be dismissed."). Indeed, the motion concluded as follows: "The federal petition should be dismissed without prejudice unless Petitioner deletes unexhausted claims one, two, and four from the petition." Id. Petitioner took no action in response. He neither opposed the motion to dismiss, requested a stay, sought to amend his petition to delete unexhausted claims, nor otherwise addressed respondent's arguments.

Because the petition is mixed and may not be considered, the motion to dismiss for non-exhaustion should be granted. See Wooten, 540 F.3d at 1026.

B.  Failure to Prosecute and to Obey Court Orders

Petitioner has taken no action in this case since he filed the petition and request to proceed in forma pauperis. The docket reflects that he did not return the Consent or Decline form that was issued when the case was first transferred to the Sacramento Division of this court. He did not submit any response to the motion to dismiss after it was filed. The court sua sponte granted petitioner additional time to oppose the motion, and warned him that "[f]ailure to comply with this order in a timely manner may result in a recommendation that this action be dismissed for failure to prosecute and for failure to obey a court order pursuant to Federal Rule of Civil Procedure 41(b)." ECF No. 15. Petitioner again failed to file any statement of opposition to the motion to dismiss. He has not requested a stay or leave to amend, nor communicated with the court in any way.

Petitioner's failure to follow court rules and to comply with court orders independently warrants the dismissal of this action. See Fed. R. Civ. P. 41(b); Local Rule 110. The court's need to manage its docket and the public's interest in the expeditious resolution of litigation, as well as the risk of prejudice to respondent should this matter be prolonged, supports this conclusion. See generally Henderson v. Duncan, 770 F.2d 1421, 1423 (9th Cir. 1986) (identifying factors to consider when dismissing action for failure to prosecute or for failure to comply with court orders); see also Link v. Wabash Railroad. Co., 370 U.S. 626, 629-30 (1962) (stating power to dismiss for failure to prosecute is necessary to prevent undue delays in disposition of pending cases and to avoid congestion in calendars of district courts).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's amended motion to dismiss (ECF No. 11) be GRANTED;

2. This matter be DISMISSED for failure to exhaust state court remedies and for failure to prosecute (see 28 U.S.C. § 2254(b)(1)(A); Fed. R. Civ. P. 41(b); Local Rule 110); and

3. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 25, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE